IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MIRANDA WILT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:24-cv-213-JDK-KNM |
| DEPARTMENT OF THE NAVY, and DEFENSE FINANCE AND ACCOUNTING SERVICE, | § § § § § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Miranda Wilt, proceeding *pro se*, originally sued Defendant the Department of the Navy ("Navy") in the 7th Judicial District Court of Smith County, Texas. Docket No. 1. In a separate lawsuit, Plaintiff also sued Defendant the Defense Finance and Accounting Service ("DFAS") in the 241st Judicial District Court of Smith County, Texas. *See* Docket Nos. 1–3, *Wilt v. Def. Fin. & Acct. Serv.*, No. 6:24-cv-00266-JDK-KNM (E.D. Tex. July 25, 2024). Both Defendants then removed each case to federal court. *Id.* The Court granted Defendants' motions to consolidate the two cases. Docket No. 9; Docket No. 8, *Wilt v. Def. Fin. & Acct. Serv.*, No. 6:24-cv-00266-JDK-KNM (E.D. Tex. Sept. 23, 2024). Defendants then filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 23.

On April 9, 2025, Judge Love issued a Report and Recommendation recommending that Defendants' motion be granted. Docket No. 33. Plaintiff timely filed objections to the Report. Docket No. 34.

## I.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In her objections, Plaintiff (1) argues she has raised a fact issue on her failure to exhaust her administrative remedies; (2) contests the report's classification as some of Plaintiff's allegations as "fraud" or "deceit"; (3) argues the court erroneously applied the Tucker Act, 28 U.S.C. § 1491; (4) contends that the Court should reject the report's recommended dismissal of Plaintiff's Title VII claim on "hyper-technical" grounds; and (5) objects to the report's recommended dismissal of several of her claims on grounds of no private right of action. Docket No. 34.

### A.

Plaintiff did not exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). First and foremost, Plaintiff's response and sur-reply is bereft of any argument that her factual allegations create a disputed issue of fact on

exhaustion. Nor did her amended complaint provide any allegations that she satisfied the exhaustion requirement. *See Ades v. United States*, 2020 WL 8832502, at *3 (E.D. Tex. Dec. 16, 2020), *report and recommendation adopted*, 2021 WL 345911 (E.D. Tex. Feb. 2, 2021) ("[P]resentment of an administrative claim . . . must be pleaded . . . by the FTCA claimant."). Instead, Plaintiff argues that the Court should recognize a futility exception to the FTCA's exhaustion requirement. Docket Nos. 29; 31. The Court will not. *See, e.g.*, *In re Complaint of Ingram Barge Co.*, 351 F. App'x 842, 843 (5th Cir. 2009) (per curiam) ("[T]he FTCA does not admit a futility exception to its exhaustion requirement . . . .").

Plaintiff argues she adequately raises a fact issue on exhaustion because she contacted both Defendants regarding (1) misdirected funds meant for her and her children; (2) the improper storage and destruction of her personal property; and (3) securing her rights as a dependent spouse under the Navy's policies. Docket No. 34 at 3. But these facts do not allude to any FTCA claim filed with either Defendant. These facts also fail to allege any request for monetary damages or state a sum certain Plaintiff sought to recover from the United States. *See id.*; *see also Cook v. U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992) (finding a FTCA claimant fails to exhaust administrative remedies where he does not present the appropriate agency notice of a value on the claimant's claim).

Plaintiff's first objection is overruled.

**B.**

The Report's analysis of the FTCA's intentional tort exception is correct. Plaintiff objects that the Report mis-characterized her "negligence" claims as "fraud" and "deceit." Docket No. 34 at 3. To the extent Plaintiff alleges only claims for negligence, rather than intentional torts for fraud, deceit, or misrepresentation, such claims are barred because of her failure to exhaust administrative remedies. *See supra* I.A (explaining Plaintiff's negligence claims are barred for failure to exhaust remedies under the FTCA). And to the extent Plaintiff asserts claims arising from Defendants' alleged misrepresentation, deceit, or interference with contractual rights, the Court lacks subject matter jurisdiction over such claims. *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) ("[T]he United States has not waived sovereign immunity for claims arising out of . . . misrepresentation . . . [or] deceit."); *see also Tanner v. Crossroads Row Grp.*, 2024 WL 1340589, at *6 (E.D. Tex. Mar. 12, 2024), *report and recommendation adopted*, 2024 WL 1340066 (E.D. Tex. Mar. 28, 2024) ("[T]he court does not have jurisdiction over Plaintiff's claims against the Government for breach of fiduciary duty . . . .").

Plaintiff's second objection is overruled.

**C.**

The Report's application of the Tucker Act was appropriate. Plaintiff believes that the Report erroneously suggested that some of Plaintiff's claims could only be brought in the Federal Court of Claims. Docket No. 34. Plaintiff explains that she is not bringing a "traditional breach of contract action," but a "deprivation of statutory

4

entitlements and benefits wrongfully withheld or misdirected." *Id.* at 4. Plaintiff also argues that, because she requests relief in the form of (1) correction of benefit mis-allocations; (2) confirmation of her dependent rights; and (3) restitution, the Court of Claims does not maintain exclusive jurisdiction. *Id.* at 4–5.

As a preliminary matter, Plaintiff's amended complaint does not request "correction of benefit misallocations"; it requests "judicial determination of the rights, duties, and obligations of the parties" and $6,000,000 in monetary damages. Docket No. 15 at 21. The Court will not consider relief that Plaintiff raises for the first time in her objections.

Broadly requesting declaratory relief, moreover, does not divest the Court of Claims of its exclusive jurisdiction over this matter. "Where the real effort of [Plaintiff] is to obtain money from the federal government, the exclusive jurisdiction of the Claims Court cannot be evaded or avoided by framing a district court complaint to appear to seek only injunctive, mandatory or declaratory relief against government officials or the government itself." *Amoco Prod. Co. v. Hodel*, 815 F.2d 352, 361 (5th Cir. 1987) (cleaned up); *see also Muller v. United States*, 2024 WL 3448015, at *1 (S.D. Tex. July 17, 2024) ("District courts are required to 'pierce' the pleadings so that artful pleading does not undercut the jurisdiction of the Claims Court (that is, Congress'[s] intent in enacting the Tucker Act)." (cleaned up)).

The essence of Plaintiff's amended complaint seeks monetary damages.[1] And the declaratory relief Plaintiff seeks produces no significant "prospective effect or

---

[1] As the Report correctly observes, Plaintiff cannot invoke this Court's jurisdiction in twisting her allegations of contractual—or "statutory"—entitlement of benefits into claims of "negligence" or

5

considerable value"—if any—apart from the Court's determination that Defendants owe Plaintiff money. *See Amoco*, 815 F.2d at 363. Thus, the Federal Court of Claims maintains exclusive jurisdiction over Plaintiff's contractual claims.

Plaintiff's third objection is overruled.

### D.

The Report's dismissal of Plaintiff's Title VII claim was proper. Plaintiff argues that the Report's recommended dismissal of her Title VII claim was erroneous because it was based on a "technicality." Docket No. 34 at 5. Congress partially waived the United States's sovereign immunity for civil employment discrimination claims by federal employees brought against the "head of the department." 42 U.S.C. § 2000e-16(c). Plaintiff admits she has not done so.

Plaintiff's fourth objection is overruled.

### E.

Lastly, Plaintiff objects to the Report's recommendations regarding her claims under the Family Violence Prevention and Services Act, 42 U.S.C. § 10402; the Inspector General Act of 1978; and 10 U.S.C. § 1059. Docket No. 34 at 6. Although somewhat unclear, Plaintiff appears to argue that the Court has jurisdiction over these statutory claims because her constitutional rights were violated, supporting a "*Bivens* claim." *Id.* Plaintiff also argues that even if some of these statutes lack a private right of action, the Administrative Procedure Act ("APA") authorizes review.

---

"fraud." *See supra* I.A (dismissing Plaintiff's negligence claims for failure to exhaust FTCA remedies); I.B (dismissing Plaintiff's claims for fraud, misrepresentation, and breach of fiduciary duty under the FTCA's intentional tort exception).

This is the first time Plaintiff has alleged or argued that she asserts constitutional claims under the Fifth Amendment or that the APA somehow confers jurisdiction over these statutory claims. Because the Court is bound by Plaintiff's allegations within her amended complaint, the Court denies Plaintiff's request to assert for the first time in her objections either a *Bivens* claim or that the APA confers jurisdiction over these statutory claims. The Court, moreover, agrees with other courts that two of these statutes, § 10402 and the Inspector General Act of 1978, do not create private rights of action. *See, e.g., Thompson v. State of Wash.*, 2005 WL 2045886, at *2 (W.D. Wash. Aug. 25, 2005) (finding "the Family Violence Prevention Services Act contains no private right of action"); *Brown v. Ulmer*, 2022 WL 226878, at *1 (D.D.C. Jan. 21, 2022) (holding the Inspector General Act of 1978 does not create a private right of action).

Plaintiff's fifth objection is overruled.

### F.

For portions of the Report Plaintiff did not clearly object to, the Court reviews such portions for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Having reviewed the unobjected-to portions of the Report, the Court is satisfied that it contains no clear error.

II.

The Court also finds it necessary to address two cases cited by Plaintiff in her objections. Plaintiff argues that *Sanchez v. United States*, 803 F. Supp. 1066 (N.D. Tex. 1992), held that "systemic negligence in military or agency administration may be redressed under [the] FTCA." Docket No. 34 at 4. Plaintiff also cites *Wilkerson v. University of N. Tex.*, 878 F.2d 276, 279 (5th Cir. 1989), which purportedly "permits substitution of the correct party [in a Title VII action] where the original complaint placed the agency on notice." *Id.* at 5. Neither of these cases exist,[2] and appear to have been generated by artificial intelligence ("AI").

Plaintiff's citation to hallucinatory cases likely generated via AI violates this Court's Local Rule CV-11(g), which makes clear that "generative artificial intelligence tools may produce factual and legal inaccuracies and reminds attorneys that they must verify the information that they submit to the court." *Gauthier v. Goodyear Tire & Rubber Co.*, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024). Just like an attorney, a *pro se* litigant remains bound by the Court's rules and the standards articulated under Rule 11. See L.R. CV-11(g). Plaintiff's false statement of law in her objections is sanctionable and provides no basis to cure her jurisdictional defects for either her negligence, breach of fiduciary duty, or Title VII claims. The Court cautions Plaintiff that fabricated citations will not be tolerated.

---

[2] A search for 803 F. Supp. 1066 yields *Libisch v. Black & Decker Corp.*, a sexual discrimination case from the District of Maryland. The Court could not locate a 1992 Northern District of Texas case with the title: *Sanchez v. United States*. Similarly, a search for 878 F.2d 276 yields *Poynor v. U.S. Parole Comm'n*, a habeas case from the Ninth Circuit. The Court likewise could not locate a 1989 Fifth Circuit case with the title: *Wilkerson v. University of North Texas*.

III.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 33) as the opinion of the Court. Defendant's motion to dismiss Plaintiff's claims (Docket No. 23) is **GRANTED**. Plaintiff's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188–89 (5th Cir. 1986).

So **ORDERED** and **SIGNED** this **2nd** day of **May, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE